This is a partition suit. Plaintiffs apply for a judgment for distribution and for allowance of attorney's fee. Defendants object to such a judgment for the reason that there is no fund in court for distribution, pointing out that judgment was entered in this cause on December 3rd, last, to the effect that inter alia
no order for sale of the premises would be entered inasmuch as the parties to the action had contracted for the sale of the premises in question; and they contend that thus, with the privately arranged sale, the action was terminated for practical purposes. The same objection is made to allowance of attorney's fee, and in addition that such an application was made and denied by the court at the time of the entry of the said judgment of December 3, 1948. Plaintiffs' attorney contends it was stipulated before Judge Jayne in August, 1948, that the proceeds of the sale were to be deemed impounded and in court for the purpose of distribution but this is countered with the proposal that no more than plaintiffs' share in the proceeds were to be so impounded.
In view of the said judgment of December 3rd, last, it is apparent that no judgment for distribution is necessary, nor, if entered, could it be effectual. The interests of the parties in the real estate were fixed by that judgment. A judgment for distribution now could do no more. The judgment of December 3rd did not require the proceeds of private sale to be paid into court nor to remain impounded to that end except for the search fee allowance to plaintiffs which was specifically to be deducted from the proceeds. The alleged stipulation concerning the proceeds of sale merged in the *Page 292 
judgment of December 3rd. The purpose of the stipulation regardless of its scope had then been served, namely, to afford the means of paying attorney's fee, and costs, if and as allowed. Under the circumstances the motion for judgment of distribution must be denied.
The motion for attorney's fee is denied also because such an application was heard and denied by Judge Berry on December 3rd, last, as part of the motion which resulted in the judgment hereinabove referred to. It is res adjudicata. Again there is no fund from which such allowance could be made.